| | |
|---|---|
| 1 | MICHAEL JACOBS and |
| 2 | *IN PRO PER*<br>800 Calle Divina NE |
| 3 | Albuquerque, NM 87113<br>Tel: (505) 321-3044 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED VAN LINES, LLC** | No. **2:20-cv-03741-ODW-PLA** |
| **Plaintiff,** | **DEFENDANT NOTICE OF MOTION TO VACATE PLAINTIFF'S DEFAULT JUDGMENT AND REMOVE MISJOINED PARTY** |
| v. | |
| **MICHAEL JACOBS and RUBY HANDLER JACOBS** | |
| **Defendants.** | |

PLEASE TAKE NOTICE that on _____, at ____M., or as soon thereafter as the matter may be heard, in Courtroom 5D - Fifth Floor before the Honorable Judge Otis D. Wright II located at 350 W. First Street, Los Angeles, California 90012, *pro per*[1] Defendant Michael Jacobs ("Mr. Jacobs") will move this Court for an order vacating the default judgment entered against him on July 23, 2020 on the grounds that said inequitable judgment was taken against him due to mistake, inadvertence, surprise, or excusable neglect as more fully set forth herein the Memorandum of Points and Authorities, Mr. Jacobs' Declaration and Exhibits attached thereto.

---

[1] The Supreme Court found that pro se pleadings should be held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 520 (1971), *Puckett v. Cox*, 456 F. 2d 233 (1972) (6th Cir. USCA)

This motion is made pursuant to Federal Rule of Civil Procedure 60(b)(1) ("Rule 60") and shall be based upon this Notice, the attached Memorandum of Points and Authorities, Declaration and Exhibits attached thereto, the complete files and records of this action, and such other and further oral and documentary evidence as may be presented at the hearing on this motion.

Dated: August 15, 2020

　　　　　　　　　—　　　　　　　　　　　　　　　　/s/ electronically signed
　　　　　　　　　　　　　　　　　　　　　　　　　Michael Jacobs
　　　　　　　　　　　　　　　　　　　　　　　　　*pro per*

MICHAEL JACOBS
*IN PRO PER*
800 Calle Divina NE
Albuquerque, NM 87113
Tel: (505) 321-3044

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED VAN LINES, LLC**<br><br>**Plaintiff,**<br><br>v.<br><br>**MICHAEL JACOBS and RUBY HANDLER JACOBS**<br><br>**Defendants.** | No. **2:20-cv-03741-ODW-PLA**<br><br>**MOTION TO VACATE PLAINTIFF'S DEFAULT JUDGMENT AND REMOVE MISJOINED PARTY** |

COMES NOW Defendant Michael Jacobs ("Mr. Jacobs") and hereby files his Motion to Vacate United Van Lines, LLC ("Plaintiff") Default Judgment and allow Removal of Misjoined Party on the following grounds:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF CASE

1.  Plaintiff filed suit against Mr. Jacobs and Ruby Handler Jacobs ("Mrs. Jacobs") (collectively "Defendants") on April 23, 2020 seeking Declaratory Judgements in their Complaint ("Declaratory Relief") asking this Court for: (a) A declaration concerning the rights and liabilities of United and Defendants under the Bill of Lading Interpleader; (b) A

declaration that the Global Settlement Agreement and Mutual Release ("Agreement") (See Dkt. No. 1, Exhibit A) precludes Mr. Jacobs's notice of intent to sue; (c) A declaration that Defendants' threatened course of action is frivolous; and (d) A declaration that Defendants' threatened action is barred by statute of limitations.

2.   Plaintiff filed suit as a result of Mr. Jacobs' March 17, 2020 Letter of Intent ("Letter of Intent") who solely sought negotiations with Plaintiff and partner Suddath Relocation Systems of California, Inc. ("Suddath").

3.   Mr. Jacobs denies all Plaintiff's claims and requests for declaratory relief.

4.   Mr. Jacobs claims that Plaintiff's Declaratory Relief is time-barred by the statutes of limitations.

5.   Mr. Jacobs claims that this Court does not have jurisdiction.

6.   At all times Mr. and Mrs. Jacobs were at their Albuquerque residence in the State of New Mexico.

## II. PROCEDURAL HISTORY

7.   Plaintiff filed their Declaratory Relief on April 23, 2020.  Defendants were not aware of the lawsuit until June 20, 2020.

8.   On June 26, 2020 Plaintiff filed Dkt. No. 9 claiming Defendants were properly served their Declaratory Relief on Mrs. Jacobs followed by Dkt. No.10 on June 29, 2020 claiming that they properly served their Declaratory Relief on Mr. Jacobs, both on June 16, 2020.

9.   On June 30, 2020 Plaintiff was notified of Filer Deficiencies regarding the legitimacy of said service.  (Dkt. No. 11).

10. On July 21, 2020 Plaintiff filed Dkt. Nos. 12 and 14 as applications for default against Mr. Jacobs and Mrs. Jacobs respectively.

11. On July 22, 2020 Plaintiff received Notice of Deficiency (Dkt. No. 16) to await a ruling from this Court.

12. Following a Minute Order determination that service was proper per United States Postal Service mailing, the Court entered on July 23, 2020 the granting of Plaintiff's entry of default. The Defendants did not receive the mailed Complaint until June 20, 2020.

13. On July 23, 2020 the Clerk of the Court entered the default of the Defendants in the Record Proper at Dkt. No. 18.

14. The Court issued an Order to Show Cause as to why the case should not be dismissed on July 23, 2020 providing Plaintiff until August 24, 2020 to respond. (Dkt. No. 19).

15. Contrary to Plaintiff's counsel Gregg Garfinkel's ("Mr. Garfinkel") Declaration (Dkt. No. 15) at ¶ 5, Mrs. Jacobs chose to "otherwise respond" to the Declaratory Relief on June 22, 2020 by Registered Mail, with a Refusal For Cause Without Dishonor[2], which was received by Mr. Garfinkel on June 30, 2020. (See Exhibit 1). Mr. Garfinkel made the declaration under penalty of perjury.

16. Following Mr. Jacobs's receipt of Dkt. Nos. 12 and 13, he immediately informed Mr. Garfinkel on July 25, 2020 that he has been in a Chapter 11 Bankruptcy since November 13, 2019. (See "Notice" Exhibit 2). Mr. Jacobs' bankruptcy attorney also emailed the Notice to Mr. Garfinkel on August 2, 2020.

17. The Defendants did not receive Dkt. Nos. 5 through 11 nor Dkt. Nos. 16 through 19.

### III. STATEMENT OF FACTS

18. In Plaintiff's June 4, 2012 Complaint for Interpleader styled as <u>United Van Lines, LLC, et all v Brown, et al</u>, United States District Court Case No. 2:13-cv-03983-FMO-MAN ("United Complaint"), Mr. Jacobs was listed as a defendant (please take judicial notice). Neither Mr. Jacobs nor Mrs. Jacobs did engage, hire or contract with Plaintiff and as a result Plaintiff wrongfully packed, loaded and transported his personal property. (See ¶ 25 below). Mrs. Jacobs was not involved in the original controversy as she signed all of her rights to the personal property over to Mr. Jacobs. (Exhibit 3). Mrs. Jacobs was not a party to the Letter of Intent. Therefore Mr. Jacobs claims that Mrs. Jacobs is a misjoined defendant[3] in this instant action[4].

19. Following mediation with the Honorable Magistrate Judge Margaret Nagle (Ret.) ("Judge Nagle (Ret.)"), the Agreement was signed by all parties in December 2014. Unfortunately Judge Nagle (Ret.) did not fulfill her duties as required by the Agreement (See ¶ 9 of Agreement), nor did the Honorable U.S. District Court Judge Fernando Olguin ("Judge Olguin") and nor did Plaintiff. There is not to be found a Judge Nagle (Ret.) determination on the Record Proper.

---

[2] UCC 3-501 and UCC 2-207(2)(c)
[3] Fed. R. Civ. P. 21 provides that misjoinder of parties is not ground for dismissal of an action, and that parties may be dropped or added by court order on motion of any party or of the court's own initiative at any stage in the action and on such terms as are just.
[4] Federal Rules of Civil Procedure 71.1(i)(2) *Dismissing a Defendant*. The court may at any time dismiss a defendant who was unnecessarily or improperly joined.

20. In Mr. Jacobs' Letter of Intent, he alleges that the Plaintiff not only did not perform per the terms of the Agreement, but they are responsible for the known and hidden loss of valuable personal effects, information that was withheld from Mr. Jacobs during the mediation of said Agreement.

21. Mr. Jacobs is not time barred due to statute of limitations and relief that would be potentially gained from Equitable Tolling and extraordinary circumstances.

22. On March 17, 2020 Mr. Jacobs informed Plaintiff and partner Suddath that he **solely** would seek legal recourse if they were not willing to negotiate a settlement for wrongs that Mr. Jacobs did believe were committed by Plaintiff. Mr. Garfinkel responded on April 2, 2020 with a demand letter seeking written confirmation of Mr. Jacobs's "abandonment of all actions." Furthermore, Mr. Garfinkel threatened a "**vigorous defense of any actions (Mr. Jacobs) might take**." (emphasis added).

23. Mr. Jacobs alleges that this Court does not have Personal Jurisdiction over the Defendants nor Subject Matter Jurisdiction. The Federal Question jurisdiction purported by Plaintiff is not relevant contrary to ¶ 6 of the Declaratory Relief wherein Plaintiff misleads the Court by stating "United entered the Bill of Lading with Defendants." (See ¶ 25 below).

24. First and foremost, Plaintiff never entered into a Bill of Lading with either Defendant. As stated above, Plaintiff entered Defendants' home and removed all of their possessions without their permission. Furthermore, Plaintiff failed to transport all goods belonging to Mr. Jacobs.

25. Please take judicial notice of the United Complaint wherein Plaintiff states at ¶ 11 that on May 7, 2013 "United entered into a contract of carriage with Defendant Jeremy Brown

["Brown"], Uniform Household Goods Bill of Lading and Freight Bill designated as United Order No. U-470-174-3, to transport certain household goods from [the Property] to 6608 Gluton (*sic*) Court, Albuquerque, New Mexico, 87101 (*sic*)." (See packing box as Exhibit 4). Mr. Jacobs' personal goods were going to be transported to an incorrect address.

26.  Mr. Jacobs who was at home in New Mexico, did not authorize Brown to pack or ship his Los Angeles personal belongings. Furthermore, Mr. Jacobs was not aware of the Plaintiff's unauthorized involvement and subsequent contract with Brown.

27.  Plaintiff further states in the United Complaint at ¶ 13 that "Defendant Michael Jacobs notified Plaintiff of a series of disputes between the Defendants, including adverse claims of ownership…"

28.  The Declaratory Relief is also not proper in that Fed. R. Civ. P, Rule 12(b)(7) requires that it must be dismissed when the Plaintiff fails to join a party under Rule 19. Plaintiff failed to join United Complaint Co-Plaintiff Suddath. Moreover, both entities were noticed in the Letter of Intent.

29.  Mr. Jacobs has yet to file a complaint against the Plaintiff.

### IV. LEGAL ARGUMENT

A.  **Standards for Determining Whether to set Aside a Default Judgment.**

30. Mr. Jacobs denies all of the allegations of Plaintiff's Declaratory Relief and contends that he has a meritorious defense to said Declaratory Relief in that Plaintiff incorrectly invokes a Federal Question and has misled the Court in their writings. Furthermore, Mr. Jacobs alleges that this Court does neither have Personal nor Subject Matter Jurisdiction.

31.    Federal Rules of Civil Procedures 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party … from a final judgment … [for] any reason justifying relief from the operation of the judgment." FRCP 60(b).  The Third Circuit has held that "Rule 60(b) should be given a liberal construction [and] [a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on the merits." *Feliciano v Reliant Tooling Co*. 691 F.2d 653, 656 (3rd Cir. 1982)(internal quotations omitted).  The decision to vacate a default judgment is left "primarily to the discretion of the district court," *U.S. v $55,518.05 in US Currency*, 728 F .2d 192 (3rd Cir. 1984); *Lau Ah Yew v. Dulles*, 236 F.3d 415 (9th Cir. 1956).

32.    In *Eitel v. McCool*, the Ninth Circuit identified several factors for the court to consider in exercising its discretion to enter default judgment: (1) the potential prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong public policy underlying the Federal Rules favoring a decision on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**B.    First Eitel Factor – No Prejudice to Plaintiff**

33.    The Third Circuit has defined prejudice as a loss of evidence or witnesses, or similar prejudice from the delay in answering. *Nationwide Mut. Ins. Co. v Starlight Ballroom Dance Club, Inc.,* 175 Fed. Appx. 522 (3rd Cir. 2006). The prejudice that Plaintiff may suffer is only the financial cost related to pursuing a default judgment against the Defendants.

However, this cost is not sufficient to establish prejudice. <u>Feliciano,</u> 691 F.2d at 646. Therefore, Plaintiff would not be prejudiced if denied this remedy against Defendants.

### C.   Second Eitel Factor – Mr. Jacobs has a Meritorious Defense

34.   The standard to establish a meritorious defense is more stringent than merely alleging a defense. <u>Harad v. Aetna Cas. & Sur.. Co.,</u> 839 F.2d 982 (3rd Cir. 1988). Specifically, a defendant must "set forth with some <u>specificity</u> the grounds for his defense." <u>Id.</u> (emphasis added). The Court must "then look at the substance of the defense to determine whether it is meritorious." <u>Starlight Ballroom Dance Club, Inc.,</u> 175 Fed. Appx. at 522.

35.   In discussing Rule 60 the Ninth Circuit Court of Appeal has stated that this rule, like all the Federal Rules of Civil Procedure, "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." <u>Rodgers v. Watt</u>, 722 F.2d 456, 459 (9th Cir. 1983) (internal citations omitted.)

36.   The Ninth Circuit ruled that "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." <u>Cripps v. Life Ins. Co. of N. Am</u>., 980 F.2d 1261, 1267 (9th Cir. 1992).

37.   Mr. Jacobs asserts the following meritorious defenses:

a. Mr. Jacobs is currently in Chapter 11 Bankruptcy proceeding and he is informed and therefore believes that his active participation in this case is stayed;

  b. Defendants neither have any rights nor liabilities and under the Bill of Lading. There is a lack of Privity[5] as no contract or agreement ever existed between Plaintiff and either Defendant;

  c. The failed Agreement is void due to fraudulent inducement by Plaintiff and Suddath;

  d. All parties to the Agreement have not been "deemed to release, exonerate and discharge each other" as full performance has not occurred. (See Agreement at ¶ 13 and ¶ 37(f) hereinbelow).

  e. Plaintiff incorrectly seeks a declaration that "Defendants'" threatened course of action is frivolous as evidenced herein;

  f. Any legal action Mr. Jacobs may take will not be time barred by statute of limitations due to Equitable Tolling with extraordinary circumstance. Furthermore as Judge Nagle (Ret.) did not correctly issue a final ruling, Judge Olguin's dismissal is void due to failure to perfect the Agreement. (See Agreement at ¶ 12);

  g. However, Plaintiff is time barred from bringing their Declaratory Relief by the statute of limitations.

  h. Defendants aver that the Court does not have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 49 U.S.C. § 14706 as there is not a Federal Question;

  i. Defendants aver that the Court does not have jurisdiction over this matter pursuant to 28 U.S.C. § 1337 wherein Plaintiff claims "the matter in controversy for each receipt or bill of lading exceeds $10,000" does not exist and Defendants are not parties to the

---

[5] The doctrine of Privity provides that a contract cannot confer rights or impose obligations arising under it on

bill of lading. Mr. Jacobs has not filed a lawsuit making any financial claim, and Plaintiff is pursing a phantom legal action;

      j. As tortfeasors Plaintiff interfered with Mr. Jacobs's protected interests causing him damage (Mistake Doctrine);

      k. Plaintiffs attempted to extort Mr. Jacobs for fees he was not obligated to pay and withheld Mr. Jacobs' chattel through a false claim of right; and

      l. Mr. Jacobs alleges Fraud upon the Court by Plaintiff in making false statements relating to material facts, wholly designed to mislead this Court.

### D.  Third Eitel Factor - Sufficiency of the Complaint

38. The Declaratory Relief is not successful in all of its' requests for declaratory relief thereby failing to state a claim upon which relief can be granted. In making a pleading, Plaintiff is required to fully explain the claims and what they required of the court. When a court determines the sufficiency of a complaint to state a cause of action, its review is limited to an examination only of the complaint and its attachments ("four-corners rule").

39. Defendants never entered into a bill of lading with Plaintiff (See ¶ 25 above).

40. Therefore, Plaintiff incorrectly claims this Court has jurisdiction (See ¶¶ 37(g)(h)(i) above).

41. The Agreement did not address the merits of Mr. Jacobs's previous Counter Claim.

42. The Agreement itself is not sufficient due to the failure of Plaintiff to perform and errors by both Judge Nagle (Ret.) and Judge Olguin.

43. Plaintiff did not join Suddath as an indispensable party.

---

any person or agent except the parties to it.

44. In the Declaratory Relief, the statements regarding "Defendants" is misleading[6] to the Court as they do not refer to each defendant individually, thereby leaving the impression that both Defendants took part in certain transactions, which they did not. (Rule 11 violation);

45. With regard to Plaintiff's physical service, it was insufficient in that neither Defendant was properly served initially. Despite Notice to Filer of Deficiencies (Dkt. No. 11) on June 30, 2020 and while pending with the Court, Plaintiff filed Default Motions against Defendants (Dkt. Nos. 12 and 14) on July 21, 2020. Defendants were not notified of these actions. The Court's Minute Order on July 22, 2020 was a clarification on the validity of service, the status of which previously had confused Defendants.

### E. Fourth Eitel Factor - Sum of Money at Stake

46. The Plaintiff makes no claim in the Declaratory Relief that they are actually owed any money. Plaintiff lightly claims that the amount in controversy exceeds the minimum threshold of the Carmack Amendment ("Carmack") without further explanation. Defendants have no liabilities or rights under the Carmack as explained hereinabove. For the purposes of this instant case, and at this time, there is no controversy about any money at all.

### F. Fifth Eitel Factor – Absolute Dispute of Material Facts

47. The material facts as stated by Plaintiff in their Declaratory Relief are in conflict as Defendants dispute each and every request for relief. By first account, Plaintiff has joined a wrong person. Mr. Jacobs wrote the Letter of Intent to Plaintiff and partner Suddath, which did not involve Mrs. Jacobs. In the United Complaint Mrs. Jacobs lodged her Assignment of

---

[6] North Judge Tennille wrote in *Allen v. Land Resource Group of North Carolina, LLC*, 2010 NCBC 15. (unpublished) "Failure to properly plead separate causes of action and to identify specifically the party against whom a claim is asserted may be an indication of a Rule 11 violation."

Interest in United Complaint Dkt. No. 120 on September 3, 2014 (See Exhibit 4) allowing Mr. Jacobs to solely proceed with the prosecution of his Counter Claim against Plaintiff and Suddath. At ¶ 11 of the Declaratory Relief Plaintiff misleads as to "agreed" to transport with "certain controversies" developing as to ownership per ¶ 12. Throughout the Declaratory Relief and especially at ¶ 14 Plaintiff states that Mr. Jacobs was the defendant and not Mrs. Jacobs therefore requiring her to be removed as a party.

48. Plaintiff misleads the Court by stating at ¶ 22 that Judge Nagle (Ret.) made a determination as to the performance of Plaintiff.

49. Plaintiff's claim that the Agreement has been perfected is fully challenged by Defendants.

50. Defendants do not have any liabilities and/or rights under the Bill of Lading as neither contracted with Plaintiff. Therefore the Carmack Amendment is not applicable.

**G.  Sixth Eitel Factor - The Default was not the Result of Culpable Conduct**

51. The sixth *Eitel* factor considers whether either Defendants' default may have been the product of excusable neglect. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d at 1177; see also *Eitel*, 782 F.2d at 1471–72.

52. To establish culpability, "more than mere negligence [must] be demonstrated." *Hritz v. Woma Corp.* 732 F.2d at 1180. In fact, the Third Circuit has established that a defendant's conduct must have been "taken willfully or in bad faith" to deny a motion to vacate default judgment. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (quoting *Gross v. Stereo Component Sys., Inc*., 700 F.2d 124 (3d Cir. 1991))(internal

quotations omitted). Mr. Jacobs stated hereinabove that neither him nor his spouse have acted willfully or in bad faith.

53. Mr. Jacobs has been in a bankruptcy proceeding since November 2019. Advice from his bankruptcy attorney was to notice Plaintiff's counsel of the bankruptcy which would in fact stay these instant proceedings and not require Mr. Jacobs to answer the Complaint. Due to illness of Mr. Jacobs's attorney his notice was not provided to Mr. Garfinkel until August 2, 2020. However, Mr. Jacobs earlier did email notice to Mr. Garfinkel on July 25, 2020.

54. California courts have held that bankruptcy of one defendant in a multi-defendant case does not stay the proceeding as to the other defendants.

55. However, Courts have made exceptions where the debtor is an indispensable party to the pending action. Mr. Jacobs is an indispensable party who must be included in the instant action in order for relief to be granted. Therefore Mr. Jacobs believes that the case may not proceed without his participation and that the Court may issue an injunction to stay the entire action. *United States v. Dos Cabezas Corp.* (9th Cir. 1993) 995 F2d 1486, 1491, fn. 3. Moreover, Mrs. Jacobs is a wrongly joined party[7].

56. Contrary to Plaintiff's counsel's ¶ 5 claim in Dkt. No. 15, Mrs. Jacobs did respond to the Declaratory Relief (See ¶ 15 hereinabove). Furthermore, Plaintiff's counsel incorrectly stated that an answer was due on July 7, 2020 when in fact it was due on July 13, 2020 based upon the Court's Minute Order (Dkt. No. 17).

---

[7] Courts should generally grant motions to amend absent any evidence of bad faith, undue delay, or undue prejudice to the non-movant. *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995).

57. With regard to notification to Defendants from the Court and Plaintiff, Defendants were not provided with documents as required. (See ¶ 17 hereinabove). Moreover, in Dkt. No. 12 an employee of Plaintiff's law firm, Nydia Martinez, claimed that that she emailed documents to Mr. Jacobs when in fact she did not. This also holds true for Dkt. No. 14 wherein she falsely claimed she emailed documents to Mrs. Jacobs. There are no email addresses listed on any Plaintiff service list. Mr. Garfinkel has a correct email for Mr. Jacobs and the last time they communicated was pre-Declaratory Relief. Mr. Garfinkel never has had an email for Mrs. Jacobs.

58. As shown herein Mr. Jacobs' failure to file a timely answer to the Declaratory Relief was due to mistake, inadvertence, surprise or excusable neglect.

### H. Seventh Eitel Factor – Policy Favoring a Decision on the Merits

59. The final *Eitel* factor weighs against default judgment. "Cases should be decided upon their merits whenever reasonably possible" as the court did in *Eitel*. *Eitel,* 782 F.2d at 1472. And courts prefer to decide cases on their merits whenever possible, see, e.g., *Sekerez v. Gehring,* 419 N.E.2d 1004, 1008 (Ind. Ct. App. 1981).

60. Mr. Jacobs avers he has presented a meritorious defense hereinabove.

### V. CONCLUSION

61. Defendants' actions are neither willful, nor made in bad faith. Mr. Jacobs avers that Plaintiff is still culpable for unlawfully collecting Mr. Jacobs and his family's chattel without permission or authority causing enormous and lasting damage. Moreover, Defendants were not informed about documents filed while Mr. Jacobs was under the impression that he need

not answer the Declaratory Relief due to his bankruptcy. Plaintiff did not notice Defendants of default request as required. The meritorious defenses Mr. Jacobs has provided hereinabove clearly illustrate disputes that either call for dismissal of this instant case or for adjudication on the merits.

WHEREFORE, Mr. Jacobs respectfully prays this Honorable Court:

a. To vacate Plaintiff's Default Judgment against Defendants;

b. To allow Mr. Jacobs' bankruptcy stay to remain in place and thereafter allow Mr. Jacobs to move forward to dismissal or trial on the merits;

c. Per FRCP Rule 21 and Rule 71.1(i)(2) discretion of the Court, to order the removal of misjoined Mrs. Jacobs from this case.

d. Allow for legal fees and costs, including for Mr. Jacobs' time and efforts, in pursuing Plaintiff's frivolous case.

Dated: August 15, 2020                                   Respectfully Submitted

/s/ electronically signed
Michael Jacobs
*pro per*

United Van Lines v. Michael Jacobs Case No. 2:20-cv-03741-ODW-PLA

# PROOF OF SERVICE

**I HEREBY CERTIFY** my belief that a true and correct copy of Mr. Jacobs' Motion to Vacate Plaintiff's Default Judgment, Exhibits and Declaration will be transmitted via CM/ECF to Gregg Garfinkel, attorney for Plaintiff.

Pursuant to Federal Rules of Civil Procedure 44(a)(1) and 44(c), the method of electronic certification described herein is deemed proof of an official court record maintained by the Clerk of Court. The Notice of Electronic Filing ("NEF") contains the date of electronic distribution and identification of the United States District Court for the Central District of California as the receiver. An encrypted verification code appears in the electronic document stamp section of the NEF. The electronic document stamp shall be used for the purpose of confirming the authenticity of the transmission and associated document(s) with the Clerk of Court, as necessary. When a document has been electronically filed into CMIECF, the official record is the electronic recording of the document kept in the custody of the Clerk of Court. The NEF provides certification that the associated document(s) is a true and correct copy of the original filed with the court.

Executed on August 15, 2020 at Albuquerque, New Mexico

*/s/ electronically signed*
Michael Jacobs
*Pro per*

**United Van Lines v. Michael Jacobs Case No. 2:20-cv-03741-ODW-PLA**

## SERVICE LIST

Plaintiff United Van Lines
Represented by:
Gregg S. Garfinkel
Stone | Dean LLP
21600 Oxnard Street
Upper Lobby – Suite 200
Woodland Hills, CA 91367
Tel: (818) 999-2232
Fax: (818) 999-2269
Email: ggarfinkel@stonedeanlaw.com