MICHAEL JACOBS
*IN PRO PER*
800 Calle Divina NE
Albuquerque, NM 87113
Tel: (505) 321-3044

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED VAN LINES, LLC<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JACOBS and RUBY HANDLER JACOBS<br><br>Defendants. | No. **2:20-cv-03741-ODW-PLA**<br><br>DECLARATION OF MICHAEL JACOBS IN SUPPORT OF MOTION TO VACATE PLAINTIFF'S DEFAULT JUDGMENT AND REMOVE MISJOINED PARTY |

I, Michael Jacobs, hereby declare and state as follows:

1. That I am a resident in the City of Albuquerque of the State of New Mexico and a co-Defendant in this instant case. I am representing myself *pro per* in this instant action. I am a retired professional photojournalist with over fifty (50) years as a writer and photographer. If called as a witness, I am competent to testify to the following facts as being true and correct and within my personal knowledge.

2. I make this declaration in support of my Motion to Vacate Plaintiff's Default Judgment and Remove Misjoined Party ("Motion") against my co-Defendant Ruby Handler Jacobs ("spouse") and me.

3. I am informed and therefore believe that this Court does not have Personal Jurisdiction over me.

4. I am informed and therefore believe that this Court does not have Subject Matter Jurisdiction over me.

5. I am informed and therefore believe that United's ("Plaintiff") Complaint for Declaratory Relief ("Complaint") is improper as it falls outside of the statutes of limitations.

6. I have been in Chapter 11 Bankruptcy proceedings since November 13, 2020 currently being heard by the New Mexico Bankruptcy Court.

7. I was not personally served with Plaintiff's Complaint therefore that was defective service.

8. I did receive the Complaint via the U.S. Mail Service on June 20, 2020. This was the first time that my spouse and I became aware that an action had been filed by Plaintiff. Contrary to Plaintiff's counsel, Gregg Garfinkel's ("Mr. Garfinkel") Dkt. No 13 Declaration made under penalty of perjury I was not required to respond until July 13, 2020.

9. After receiving the Complaint I discussed the procedures with my bankruptcy attorney and it was my understanding that I was not required to answer the Complaint, just to inform Plaintiff's counsel with a Notice of the Bankruptcy ("Notice").

10. It was my belief that the Notice was provided by my bankruptcy attorney to Mr. Garfinkel prior to his July 21, 2020 filing for Application for Entry of Default against my spouse and me.

11. When I received Plaintiff's Application for Entry of Default by U.S. Mail Service on July 25, 2020, and not having received confirmation that my attorney had sent the Notice, I personally emailed the Notice directly to Mr. Garfinkel.

12. Unfortunately my attorney has been ill and was not able to timely complete certain tasks required of him in the bankruptcy. He informed me on August 2, 2020 that he had emailed the Notice to Mr. Garfinkel. I have not been informed if Mr. Garfinkel has responded to my attorney.

13. Contrary to Mr. Garfinkel's ¶ 5 claim in Dkt. No. 15, my spouse did respond to the Complaint.

14. Contrary to Mr. Garfinkel's employee claim in Dkt. No. 12, I did not receive the document by email.

15. Moreover, Plaintiff alleges their Complaint was a result of my March 17, 2020 Letter of Intent in which I **solely** sought negotiations with them due to a failed settlement agreement (emphasis added).

I declare under penalty of perjury under the laws of the State of the New Mexico that the foregoing is true and correct.

Executed this 15th day of August 2020 at Albuquerque, New Mexico.

                                               /s/ electronically signed
                                               Michael Jacobs
                                               *pro per*