O

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED VAN LINES, LLC,<br><br>            Plaintiff,<br><br>       v.<br><br>MICHAEL JACOBS, an individual;<br>RUBY HANDLER JACOBS, an<br>individual,<br><br>            Defendants. | Case No. 2:20-CV-03741-ODW (PLAx)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AND DENYING DEFENDANT'S REQUEST TO DISMISS MISJOINED PARTY [23]** |

## I.   INTRODUCTION

*Pro se* Defendant Michael Jacobs ("Michael")[1] moves to set aside entry of default and to dismiss a purportedly misjoined party. (Mot. to Set Aside Default ("Motion" or "Mot."), ECF No. 23.) For the reasons that follow, the Court **GRANTS IN PART** Michael's Motion.[2]

## II.   BACKGROUND

On April 23, 2020, Plaintiff United Van Lines, LLC ("United") initiated this action against Michael and his wife, Ruby Handler Jacobs (collectively "Defendants"). (*See* Compl., ECF No. 1.) United filed this case because Defendants

---

[1] The Court respectfully refers to Defendants by their first names to avoid confusion.

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

served it with a notice of intent to file lawsuit based on claims for relief that were allegedly resolved via settlement in December 2014. (*Id.* ¶¶ 11–25.) United seeks a declaration that Defendants are barred from litigating claims that have been resolved. (*Id.* ¶¶ 26–29.)

United served Defendants with copies of the Summons and Complaint on June 16, 2020. (*See* Proofs of Service, ECF Nos. 9–10.) Defendants failed to answer or otherwise respond to the Complaint; accordingly, United moved for the Clerk to enter default. (*See* Reqs. for Entry of Default, ECF Nos. 12, 14.) On July 23, 2020, the Clerk entered default. (*See* Default, ECF No. 18.) On August 15, 2020, Michael moved on behalf of himself, and on behalf of Ruby, to set aside entry of default and to dismiss her as a misjoined defendant. (*See generally* Mot.) United has not opposed the Motion.

### III. PRELIMINARY MATTERS

As a preliminary matter, Michael, who is a non-attorney and a *pro se* litigant, moves to set aside default on behalf of Ruby. (*See generally* Mot.) However, *pro se* litigants have no authority to represent other parties. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *Gutierrez v. Burrguan*, No. ED CV 19-818-RGK (Ex), 2019 WL 6825759, at *5 (C.D. Cal. July 12, 2019) (same); *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented."). Accordingly, the Court does not consider Michael's Motion to set aside default as it relates to relief on behalf of Ruby.

Michael also seeks to dismiss his wife from this action as a misjoined party. (*See* Mot. 6.) However, once default is entered, the only procedure available to the defendant is a motion to set aside default. *See* Fed. R. Civ. P. 55(c). Therefore, to the

extent Michael seeks relief other than setting aside default (i.e., to dismiss Ruby as a misjoined party), his Motion is **DENIED without prejudice**.

## IV.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) authorizes a court to "set aside the entry of default" for "good cause shown."  Fed. R. Civ. P. 55(c).  District courts look at the following three factors when deciding whether there is good cause to set aside the entry of default: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default."  *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).  "Where timely relief is sought from a default . . . , doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits."  *Mendoza v. Wight Vineyards Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986) (alterations in original) (internal quotation marks omitted).

## V.  DISCUSSION

The Court addresses the aforementioned three factors to determine whether there is good cause to set aside default.

The first factor requires the Court to consider whether setting aside default will prejudice United.  *See Brandt*, 653 F.3d at 1111.  "To be prejudicial, the setting aside of a [default] . . . must result in greater harm than simply delaying resolution of the case."  *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001).  United failed to oppose Michael's Motion, so there are no facts demonstrating United will be prejudiced by setting aside the default.  Thus, this factor weighs in favor of setting aside entry of default.

The second factor requires the Court to consider whether Michael has a meritorious defense.  *See Brandt*, 653 F.3d at 1111.  The burden on Michael is not great; he need only present specific facts that, if true, would demonstrate a meritorious defense.  *TCI Grp. Life*, 244 F.3d at 700.  Michael raises several defenses to United's

Complaint, including: (1) the purported settlement agreement is void as a result of fraudulent inducement, and (2) United's claim is barred by the statute of limitations. (*See* Mot. 10–12.) The Court finds that these specific facts, if true, would demonstrate meritorious defenses to United's claim that it is entitled to a declaration that Defendants' threatened lawsuit is precluded by settlement agreement. Thus, Michael has sufficiently identified a meritorious defense and this factor weighs in favor of setting aside default.

The third and final factor requires the Court to determine whether Michael's culpability led to the entry of default. *See Brandt*, 653 F.3d at 1111. "[A] defendant's conduct is culpable if [they have] received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Grp. Life*, 244 F.3d at 697 (emphasis omitted). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010). Michael claims that he is currently in Chapter 11 Bankruptcy and "[a]dvice from his bankruptcy attorney was to notice [United's] counsel of the bankruptcy which would . . . stay these instant proceedings and not require [him] to answer the Complaint." (Mot. 15.) However, "[d]ue to illness of [Michael's] attorney his notice was not provided" until after United moved for entry of default. (*Id.*) Based on Michael's representations to the Court, it does not appear that his failure to answer the Complaint was in bad faith. Therefore, the Court finds that Michael's culpability did not lead to the entry of default and this factor favors setting the default aside.

///
///
///
///

4

## VI.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Michael's Motion to Set Aside Entry of Default.  To the extent Michael seeks to set aside the default entered against Ruby, his Motion is **DENIED IN PART**.  Michael's request to dismiss the purportedly misjoined defendant is **DENIED without prejudic**e.

**IT IS SO ORDERED.**

February 16, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**